UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JUN 25 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Najja Shakir Al-Islam, Ph.D.
_____
(Name of the plaintiff or plaintiffs)

v.

University of Illinois at Chicago
_____
(Name of the defendant or defendants)

CIVIL ACTION

12-cv-05014
Judge Charles R. Norgle, Sr
Magistrate Judge Nan R. Nolan

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is __Najja Shakir Al-Islam__ of the county of __Cook__ in the state of __Illinois__.
3. The defendant is __University of Illinois at Chicago__, whose street address is __Dept. of Mathematics, Statistics, and Computer Science, 851 S. Morgan St.__, (city) __Chicago__ (county) __Cook__ (state) __Illinois__ (ZIP) __60607__
(Defendant's telephone number) (__312__) - __996 3041__

II The plaintiff sought employment or was employed by the defendant at (street address) __851 S. Morgan St.__ (city) __Chicago__ (county) __Cook__ (state) __IL__ (ZIP code) __60607__

5. The plaintiff [*check one box*]
   (a) ☒ was denied employment by the defendant.
   (b) ☐ was hired and is still employed by the defendant.
   (c) ☐ was employed but is no longer employed by the defendant.
6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) __December__ (day) _____, (year) __2009__.

7.1 *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]

☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i)     ☒ the United States Equal Employment Opportunity Commission, on or about (month) January (day) 18 (year) 2012.

    (ii)     ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached. ☒ YES. ☐ NO,

**but plaintiff will file a copy of the charge within 14 days.**
It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2     The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    ☒ Yes (month) January (day) 18 (year) 2012
    ☐ No, did not file Complaint of Employment Discrimination

2.     The plaintiff received a Final Agency Decision on (month) May (day) 23 (year) 2012.

c.     Attached is a copy of the

    a. Complaint of Employment Discrimination,
    ☒ YES   ☐ NO, but a copy will be filed within 14 days.

    (ii)     Final Agency Decision
    ☒ YES   ☐ NO, but a copy will be filed within 14 days.

8.     *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) **May** (day) **23** (year) **2012** a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

    (a) ☒ Age (Age Discrimination Employment Act).
    (b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
    (d) ☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☒ failed to hire the plaintiff.
    (b) ☐ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.
    (d) ☐ failed to reasonably accommodate the plaintiff's religion.
    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.
    (f) ☐ failed to stop harassment;
    (g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
    (h) ☐ other (specify):_____

    _____
    _____
    _____
    _____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

The Dept. of Mathematics at the University of Illinois at Chicago has not employed young Black males, who were born in the United States, on their faculty. This is a practice that the Dept. of Mathematics at UIC continues to do.

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES  ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): provide an honest metric employed by the hiring committee that takes into account that UIC is an AA/EOE institution.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

_[signature]_
Plaintiff's signature

Najja Shakir Al-Islam, Ph.D.
Plaintiff's name

Plaintiff's street address  11231 S. Longwood Dr.

City Chicago    State IL    ZIP 60643

Plaintiff's telephone number 267 226 1592

Date: 6/25/2012

**U.S. Department of Labor**  Office of Federal Contract
Compliance Programs
Chicago District Office
230 South Dearborn Street, Suite 434
Chicago, IL 60604



APR 2 3 2012

I00171801

Mr. Najja Shakir Al-Islam  COMPLAINANT
6932 S. Oglesby
Chicago, Illinois 60649

University of Illinois at Chicago  CONTRACTOR
103 HRB MC 890
715 S. Wood Street
Chicago, Illinois 60607

## NOTIFICATION OF RESULTS OF INVESTIGATION
## AND
## NOTICE OF RIGHT TO SUE

The U.S. Department of Labor, Office of Federal Contract Compliance Programs, (hereinafter OFCCP) conducted an investigation of the allegations of discrimination based on National Origin and Race (Black) made in the Complaint filed by Najja Shakir Al-Islam and received by this office on January 18, 2012. Our investigation has resulted in the following findings:

1. The University of Illinois at Chicago (hereinafter Contractor) is a nonexempt government contractor subject to the requirements of the Executive Order 11246, as amended and OFCCP regulations at 41 CFR Part 60.

2. Mr. Najja Shakir Al-Islam (hereinafter Complainant) is covered by Executive Order 11246, as amended, and the regulations at 41 CFR Chapter 60.

3. The Complainant alleges that the Contractor violated its obligations under the nondiscrimination and affirmative action provisions of its federal contracts by:

   - Failing to interview and hire him after applying for an Assistant Research Professor position on December 1, 2011, through the Web site mathjobs.org. The Complainant alleges that Contractor already knew which applicants would be awarded positions and that it posted positions on the Web site because it was forced to in order to receive the benefits from doing so. The Complainant alleges the Contractor is not serious about seeking applicants of color.

Najja Shakir Al-Islam v. UIC (OFCCP No. 100171801)
Notification of Results of Investigation and Notice of Right to Sue
Page 2 of 3

4. The Contractor's position is that its decision not to hire the Complainant was not based on his National Origin or race, but on his lack of publications as compared to the applicant selected or the other applicants considered for the Assistant Research Assistant Position.

5. The OFCCP's investigation of the allegations raised in the subject Complaint reveals the following:

- The Complainant applied for an Assistant Research Professor position through the Web site mathjobs.org on December 1, 2011.

- A signed affidavit by Eloy A. Reyes, Assistant to the Head, Department of Math, Statistics and Computer Science, identifies Mr. Reyes as the reviewing official of Complainant's submissions on mathjobs.org, including the Complainant's Cover Letter, Curriculum Vitae (CV), Research Statement, Teaching Statement, and Publication list, which were uploaded by the Complainant to the Web site.

- The Cover Letter and CV submitted by the Complainant for the Research Assistant Professor position were uploaded to mathjobs.org by the Complainant on June 10, 2011, his Research Statement was uploaded on December 14, 2010, his Teaching Statement was uploaded on December 27, 2010, and his Publication List was uploaded on July 5, 2010. In his affidavit, Mr. Reyes states these dates are not controlled by the Contractor in any way and are only controlled by the Applicant. According to Mr. Reyes, the Complainant has not submitted any updated information to the Contractor.

- A review of the Complainants' mathjobs.org account indicates that he updated his CV on January 5, 2012, after applying on December 1, 2011. When the Complainant applied with the Contractor on December 1, 2011, his CV did not show the number of publications identified on the CV he updated on January 5, 2012. The Complainant acknowledges updating his CV a few times before and after he applied for the Research Assistant Professor position. According to the Complainant, the last time he updated his CV was on January 5, 2012.

- A review of qualifications of the applicant selected (non-minority) shows he has more publications than the Complainant, including a paper that appeared in the Duke Mathematical Journal, one of the top ten journals in Mathematics.

- A review of the qualifications of the three other finalists (two non-minorities and one minority) shows that each of them have more publications than the Complainant.

Najja Shakir Al-Islam v. UIC (OFCCP No. 100171801)
Notification of Results of Investigation and Notice of Right to Sue
Page 3 of 3

Based on the finding of this investigation, there was insufficient evidence to conclude that the University of Illinois at Chicago has violated it obligation under the nondiscrimination and affirmative action provisions of Executive Order 11246. The OFCCP's processing of this Complaint is concluded.

Pursuant to the Memorandum of Understanding between the U.S. Equal Employment Opportunity Commission (EEOC) and the OFCCP, dated November 7, 2011, the discrimination Complaint filed by Mr. Al-Islam with the OFCCP under Executive Order 11246, as amended, was dually filed with the EEOC under Title VII of the Civil Rights Act of 1964 (Title VII), as amended. The OFCCP is closing Mr. Al-Islam's Complaint and issuing him the enclosed Notice of Right to Sue under Title VII.

On behalf of the United States Department of Labor

*Michael J. Thomas*                  *April 23, 2012*
Michael J. Thomas                      Date
District Director
OFCCP – Chicago District Office


Enclosure: Notice of Right to Sue


cc: Contractor (with Enclosure)
     EEOC (with Enclosure)

UNITED STATES DEPARTMENT OF LABOR
EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS
on behalf of the
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NOTICE OF RIGHT TO SUE
UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
(Dismissal)

TO:

Mr. Najja Shakir Al-Islam
6932 S. Oglesby
Chicago, Illinois 60649

[ ] On behalf of a person whose
identity is confidential
[29 C.F.R. 1601.7(a)]

FROM:

U. S. Department of Labor
Office of Federal Contract Compliance Programs
Dearborn Street, Room 434
Chicago, Illinois 60604

OFCCP Representative: Michael J. Thomas
OFCCP Telephone No.: (312) 596-7045

Complaint/Charge No: Al-Islam v. University of Illinois at Chicago (OFCCP Complaint No. I00171801)

(See the additional information attached to of this form.)

TO THE COMPLAINANT/CHARGING PARTY: This is your NOTICE OF RIGHT TO SUE under Title VII of the Civil Rights Act of 1964. It is issued because the OFCCP has dismissed your complaint/charge for the following reason.

[ X ]   The Agency's investigation found insufficient evidence that the nondiscrimination provisions of Title VII of the Civil Rights Act were violated.

The issuance of this NOTICE OF RIGHT-TO-SUE concludes OFCCP's processing of your complaint/charge. If you wish to pursue your complaint/charge further, you have the right to sue the employer named in your complaint/charge in United States District Court. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE; OTHERWISE, YOUR RIGHT TO SUE IS LOST.

An information copy of this Notice has been sent to the following employer named in your complaint charge:

Mr. Donald Kamm J.D.
Assistant Director
Office for Access and Equity
University of Illinois at Chicago
809 S. Marshfield #717 (M/C602)
Chicago, Illinois 60612

[ ] Copy of complaint/
charge enclosed

FOR THE U.S. DEPARTMENT OF LABOR:

_Michael J. Thomas_
District Director
OFCCP Chicago District Office

April 23, 2012
Date